55,687-05

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

MILTON VERAN WILLIAMS,      )
                           )
        Petitioner,        )
                           )
VS.                        )
                           )
Dallas County District Court   )
Clerk (Fitzsimmons), Judge Manny   )
Alverza, et al.,           )

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

Case No. WR-55,687-05
Dallas County District Court No.5
Case No. W9573890-(A)

## REQUEST TO TAKE JUDICIAL NOTICE

COMES NOW, Petitioner (Milton V. Williams) (pro se), files the foregoing Request for the Court to take Judicial Notice that at the 1995 guilty plea transcripts held on July 24, 1995 under Case No. F95-73890-NL, (State of Texas vs. Milton Veran Williams) that a prima facie case exists that the Honorable Manny Alverza suspended the imposition of sentencing and deferred sentencing until the year of 2003 during the Texas courts writ of habeas corpus proceedings under the above style cause. (See attached Exh. #2(a) and Exh. #2(b)).

In the Eighth Circuit Court of Appeals under the precedent set in United States v. Stalling, 301 F.3d 919, 921 (8th Cir. 2002) and also in the Tenth Circuit Court of Appeals under U.S. v. Sierra-Estrada, 248 Fed. Appx. 973, 987 (10th Cir. 2007) when the imposition of sentencing is suspended the conviction is not final for the purposes of enhancement of any future convictions.

Page   1   of   3

In the above style stated sub-case titled district court writ of habeas corpus hearings proceedings held in the year of 2003, Judge Alverza issued an Order Designating Issues and appointed Clint McDaniel as counsel to resolve the matter. (See attached Exh. #1 of original 02/17/15 filed pleading).

The docket sheet in said proceedings will show that at the end of said proceedings Judge Alverza issued final orders that petitioner had satisfied all conditions of probation and farther stated the time period of probation had expired.

In the Ninth Circuit Court of Appeals under United States v. Robinson, 967 F.2d 287 (9th Cir. 1992), the Ninth Circuit concluded that under California law a probation is not "judgment" when the imposition of sentence is suspended. See id. at 293.

Petitioner is not Knowledgable of the Fifth Circuit's precedent on said subject matter, but in the year of 1995 former Dallas County County District Court No. 5 court clerk [Jim Hamlin] issued J & S that stated 'Probation'-Judgment-Community Supervision Plea of Guilty or Nolo Contendere Jury Waived." (See attached Exh. #3 ), and misprinted sentence imposed on 07/24/95.

A casual observer could easily misinterpret said document as a final conviction or a judgment. This is why petitioner is requesting that this Honorable Court issue the requested writ of mandamus to the Dallas County District Court No. 5 to clarify the above style writ of habeas corpus proceedings through the issuing of a certified stamped file order that states the specific date that Judge Manny Alverza imposed sentencing under Case No. F95-73890-NL; (State of Texas v. Milton Veran Williams), due to the July 24, 1995 guilty plea hearings contradicting the judgment date of sentence imposed.

Wherefore, premises considered, petitioner respectfully request that this Honorable Court take judicial notice of the evidence presented as attachment within the foregoing pleading and act accordingly through the inclusion of specific instructions to the Dallas County District No. 5 named officials within the headings of the foregoing petition to issue a certified stamped file order to petitioner stating the date that Judge Manny Alverza imposed sentencing under Case No. F95-73890-NC; (State of Texas v. Milton Veran Williams).

Respectfully Submitted,
/S/ _____ #399375 (ODOC)
Milton Veran Williams #399375
Jim E. Hamilton Correctional Center
53468 Mineral Springs Road
Hodgen, OK 74939

CERTIFICATE OF MAILING

I, hereby certify, that a true and correct copy of the foregoing was mailed on the _____ day of March, 2015, through U.S. Postal Service to the below listed parties:

COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
ATTN: CLERK (ABEL ACOSTA)
P. O. BOX 12308
CAPITOL STATION
AUSTIN, TX 78711

DALLAS COUNTY DISTRICT COURT
NO. 5; COURT CLERK (FITZSIMMONS)
133 N. INDUSTRIAL BLVD.;
DALLAS, TX 75207

_____ #399375 (ODOC)
(Affiant)

## DIRECTIONS TO ATTACHED EXHIBITS TO PLEADING:

Exhibit #1: February 11, 2003, Order Designating Issues under Case No. W9573890-(A) issued by Judge Manny Alverza which is an attached exhibit to the petition for writ of mandamus under the foregoing Case No. WR-55, 687-05; (Milton Veran Williams v. Dallas County District Court Clerk (Fitzsimmons), Judge Manny Alverza, et al., filed on February 17, 2015 at Exh. #1.

Exhibit #2(a) and #2(b): See July 24, 1995 guilty plea hearing transcript at Volume 339 on Pages 123 and 124 under Case No. F95-73890-NL; (State of Texas v. Milton Veran Williams) at the bottom of the page on Volume 339 at Page 123 where Judge Alverza stated, "It further appears in the best interest of the public and the defendant that the imposition of sentencing shall be suspended hereinafter."

Exhibit #3: Dallas County District Court No. 5 judgment issued on July 24, 1995 at Volume 339 on Page 122 under Case No. F95-73890-NL; (State of Texas v. Milton Veran Williams) issued by Dallas County District Court No. 5 former Court clerk (Jim Hamlin), which states sentence imposed 07/24/95. A clerical error on date sentence was imposed.

Note: Due to the ODOC facility (JEHCC) where petitioner is currently incarcerated law library supervisor's refusal to make legal copies for any out-of-state cases for petitioner, he is impeded from attaching his one and only original copies of the above stated exhibits. All listed exhibit are currently in the Dallas County District Court No. 5's records.

See also Judge Manny Alverza's final order in the year 2003 and/or 2004 under the writ of habeas corpus proceedings in Case No. W9573890-(A); Ex Parte Milton Williams).